## Case No. 11,159.

PIERSON et al. v. MAXWELL.

[2 Blatchf. 507.] [1]

Circuit Court, S. D. New York. Nov., 1852.

CUSTOMS DUTIES—SUFFICIENCY OF PROTEST.

1. The insufficiency of the protest against the payment of duties in this case, pointed out.

[Cited in Crowley v. Maxwell, Case No. 3,449.]

2. The doctrine of the case of Pierson v. Lawrence [Case No. 11,158] applied.

[Cited in Cornett v. Lawrence, Case No. 3,241; Focke v. Lawrence, Id. 4,894; Wilson v. Lawrence, Id. 17,816.]

[This was an action by Henry L. Pierson and Samuel Hopkins against Hugh Maxwell, collector of the port of New York, to recover an alleged excess of duties.]

This was an action substantially like the case of Pierson v. Lawrence [Case No. 11,-158].

Elias H. Ely, for plaintiffs.

J. Prescott Hall, Dist. Atty., for defendant.

Before NELSON, Circuit Justice, and BETTS, District Judge.

BETTS, District Judge. This case rests essentially upon the same class of facts as that of Pierson v. Lawrence [supra]. It is a suit to recover back an excess of duties exacted by the present collector on the importation of several invoices of iron from Liverpool. The invoices were from the Coalbrookdale Company and Bailey, Brothers & Co., to the plaintiffs, dated in April, May and June, 1849, and the iron was shipped concurrently with the dates of the invoices. The protests, written on the respective entries, are "against the payment of duty on (the increased valuation specified) added to the entry value by the appraisers, because the original entry was the actual cost and full value at the time of purchase." The protests designate no time of purchase different from that indicated by the invoices, at which the value is to be estimated, and there is no evidence impeaching the correctness of the valuation made by the appraisers in reference to the invoice dates. The plaintiffs cannot, under the protests, set up a different and long antecedent period of purchase, nor can they impugn the appraisement by giving proof of any irregular acts of the appraisers or other officers in making it. Those particulars should have been distinctly and specifically pointed out to the collector by the protests, in order to enable him to rectify any thing erroneous in the manner of determining the value of the goods, or in the selection of the period at which that value was to be determined. Judgment must be rendered for the defendant.

---

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]